Codding v. Inhabitants of Mansfield.

his inability to use the premises purchased by him as a spar yard, and the prevention of his access thereto from the sea, arising from the interruption of said stream by obstructions since 1841."

The jury returned a verdict for the plaintiff, and the judge reported the case to the full court.

*L. F. Brigham*, for the defendants.

*R. C. Pitman*, for the plaintiff.

---

JOHN O. CODDING *vs.* INHABITANTS OF MANSFIELD.

In an action against a town to recover a reward offered by its selectmen, it is not sufficient to allege that the selectmen made the offer of reward, without alleging that they did it in behalf of the town.

On an offer of reward " to any person who will give information to the subscribers that will lead to the detection and conviction of the person who set fire to the dwelling-house of J. S.," a declaration which alleges that the plaintiff arrested such a person, and gave information thereof to the defendants, whereupon such proceedings were had that the prisoner was convicted, is insufficient.

ACTION OF CONTRACT. The declaration was thus : "And the plaintiff says, the selectmen of Mansfield, on the sixteenth day of April A. D. eighteen hundred and fifty five, made an offer of a reward as follows, to wit, '200 Dollars Reward. The above reward will be paid by the town of Mansfield, to any person who will give information to the subscribers that will lead to the detection and conviction of the person who set fire to the dwelling-house of C. P. Lobdell, in Mansfield, on Saturday night the 14th instant, or of the person who set fire to the shop of Wm. & A. J. White, on the night of the 27th of March last. Mansfield, April 16, 1855. Otis Sweet, Wm. B. Bates, Darwin Deane, Selectmen of Mansfield.'

"And the plaintiff says, that on the nineteenth of said April he arrested one George W. Pickering as the person who set fire to the dwelling-house of C. P. Lobdell, in Mansfield, on Saturday night, the fourteenth of April A. D. 1855, and gave information thereof to said selectmen, whereupon such proceedings were had that, at the June term of the court of common pleas for said county last past, said Pickering was convicted of said offence of burning said house of said Lobdell. And so, the plaintiff says, the defendants owe him the sum of two hundred dollars."

The defendants demurred to the declaration, because it did not aver that the defendants ever offered any reward for information that would lead to the detection and conviction of the person who set fire to the dwelling-house of C. P. Lobdell ; and because it did not aver that the plaintiff ever gave information that led to the detection and conviction of the person who set fire to said dwelling-house.

*E. H. Bennett*, for the defendants.

*C. I. Reed*, for the plaintiff.

METCALF, J. This declaration, we think, is bad, for both the reasons assigned by the defendants for demurring to it. In the first place, it does not allege that the defendants offered any reward ; but, at most, only alleges that the selectmen offered a reward ; without even alleging that the selectmen offered it in behalf of the town. It is therefore insufficient, whether this

offer is supposed to have been made under the *St.* of 1840, *c.* 75, or by special authority from the town.    The general averment at the conclusion of the declaration does not aid it.   *Millard* v. *Baldwin,* 3 Gray, 486.

There is a second fatal defect in this declaration.   The offer of reward—whoever may be bound by it—was on a condition which the declaration does not show that the plaintiff has performed.   That condition was, that information should be given to the selectmen, which would lead to the detection and conviction of the incendiary.   The information, which the declaration avers that the plaintiff gave to the selectmen, was that he had arrested Pickering as the incendiary ; but the declaration does not aver that this information led to Pickering's detection and conviction.   The allegation is, "whereupon" (that is, upon the plaintiff's giving information that he had arrested Pickering,) "such proceedings were had that said Pickering was convicted." For aught that the declaration states, Pickering may have been detected before the plaintiff arrested him, or afterwards, on information derived wholly from other persons than the plaintiff.

*Demurrer sustained.* `